**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Strojnik, | No. CV-20-08317-PCT-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Flagrock Hospitality LLC, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Peter Strojnik's Motion to Remand Counts 6–8 of his complaint to the Coconino County Superior Court (Doc. 6), Motion that Defendant Prove Removal Jurisdiction (Doc. 22), and Motion for Writ of Prohibition (Doc. 22). Defendants Flagrock Hospitality LLC and Wyndham Hotels and Resorts LLC have responded to the motions (Doc. 11; Doc. 26), and Strojnik has replied (Doc. 13; Doc. 27). For reasons that follow, the Court will deny the Motion for Writ of Prohibition and *sua sponte* remand the entire case to the Coconino County Superior Court for further proceedings.

**I.   BACKGROUND**

Mr. Strojnik visits hotels and their websites to test their compliance with the Americans with Disabilities Act (ADA). (Doc. 1-3 at 4). When Strojnik believes they fall short, he takes legal action, often filing complaints written in general terms that are routinely dismissed for failing to sufficiently allege Article III standing. *See Strojnik v. Driftwood Hosp. Mgmt. LLC*, No. CV-20-00343-PHX-DJH, 2021 WL 50456, at *5 (D.

Ariz. Jan. 6, 2021) (collecting cases); *see also id.* at *7 ("The Court will take judicial notice of the fact that Mr. Strojnik has filed thousands ADA lawsuits across the western United States.").

Based on his prior litigation conduct, a judge of this Court has ruled that Strojnik is a vexatious litigant who "harasses and coerces parties into agreeing to extortive settlements." *Driftwood*, 2021 WL 50456, at *10. Judges in the District Courts for the Northern and Central Districts of California have reached similar conclusions. *See Strojnik v. IA Lodging Napa First LLC*, No. 19-CV-03983-DMR, 2020 WL 2838814, at *12–13 (N.D. Cal. June 1, 2020) (granting a motion to declare Strojnik a vexatious litigant and noting that "Strojnik's pleading practices waste the resources of the court and impose unjustified costs on parties who are forced to defend loosely pleaded complaints that do not allege specific facts about their misconduct." (internal quotation and alteration omitted)); *Strojnik v. SCG Am. Constr. Inc.*, No. SACV 19-1560 JVS (JDE), 2020 WL 4258814, at *6–8 (C.D. Cal. Apr. 19, 2020) (granting a motion to declare Strojnik a vexatious litigant and noting that "Strojnik's history contains countless filings of frivolous complaints and instances of directly ignoring court orders.").

This particular case involves a visit Strojnik made to a Howard Johnson Inn (the "Hotel") on or about September 10, 2020. (Doc. 1-3 at 16). On October 27, 2020, Strojnik filed an eight-count complaint in the Coconino County Superior Court alleging: (1) violations of the ADA, (2) negligence, (3) negligent misrepresentation, (4) failure to disclose, (5) common law fraud/consumer fraud, (6) brand deceit, (7) civil conspiracy, and (8) aiding and abetting. (*Id.* at 16–27). Defendants timely removed the case to this Court based on federal question jurisdiction over the ADA claim and supplemental jurisdiction over the remaining claims. (Doc. 1 at 2). On February 1, 2021, Strojnik filed a motion requesting that the Court (1) order Defendants to prove federal jurisdiction and (2) issue a writ to prevent Defendants' counsel from asserting any jurisdictional defenses in any cases removed to this Court. (Doc. 22).

Having considered the filings, the Court concludes that this case presents more of

the same. For reasons that follow, the Court declines to issue any writ against Defendants' counsel or counsel's law firm. Further, the Court concludes that Strojnik fails to sufficiently allege Article III standing, and a remand to Superior Court is appropriate.

## II. DISCUSSION

### a. Motion for Writ of Prohibition

The All Writs Act provides that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions." 28 U.S.C. § 1651.

Strojnik argues that the Court should prohibit Defendants' counsel from "engag[ing] in a scheme of removing state court cases to federal court only to immediately thereafter file motions or affirmative defenses claiming that federal court does not have jurisdiction." (Doc. 22 at 2). The Court does not find such an order appropriate.

First, Strojnik seems to acknowledge in his motion that Defendants have not filed a motion to dismiss in this case, yet he bases his arguments on "the dubious practice of removing a case from state court to district court and then moving to dismiss for lack of standing." (*Id.* at 9). For this reason, Strojnik's reliance on *Collier v. SP Plus Corp.*, 889 F.3d 894, 895 (7th Cir. 2018), in which a defendant moved to dismiss a case for lack of standing a week after removing the case to federal court, is inapposite. Defendants have not filed such a motion, and the Court does not find that including lack of jurisdiction among a series of other affirmative defenses in an answer or discussing jurisdiction in a proposed case management plan sufficiently nefarious to merit the Court's intervention. (Doc. 8 at 5; Doc. 17 at 2–3).

Further, Strojnik also argues that this practice causes Defendants to incur unnecessary legal fees. (Doc. 22 at 9). But Considering Strojnik's own history of "extortionate" and "pervasive" lawsuits, *Driftwood*, 2021 WL 50456, at *2 (quoting *Advocs. for Individuals with Disabilities, LLC v. MidFirst Bank*, 279 F. Supp. 3d. 891, 893 (D. Ariz. 2017)), the Court is unpersuaded by Strojnik's newfound concern that Defendants "will be impoverished" as a result of their counsel's litigation strategy. (Doc. 22 at 9). If Defendants have issues with their legal fees, they are capable of raising such issues on their

own behalf.

Finally, a large portion of Strojnik's motion is devoted to expressing his discontent with Judge Humetewa's recent Order in *Driftwood*, ruling that Strojnik is a vexatious litigant, and Defendants' counsel's conduct in that case. (*Id.* at 5–7, 9–10). The Court, however, does not find it appropriate to punish Defendants' counsel for conduct that led counsel to prevail on a motion in a different case involving different defendants. To the extent Strojnik objects to conduct related to a different case, he may address it in that case.[1]

In sum, Strojnik has not met his burden to demonstrate that a writ should issue, and the Court denies Strojnik's motion.

### b. Jurisdictional Review

#### 1. Legal Standard

Our Constitution provides that "[t]he judicial Power shall extend to all Cases . . . [and] Controversies." U.S. Const. art. III, § 2, cl. 1. "[T]o invoke the jurisdiction of the federal courts, a disabled individual claiming discrimination must satisfy the case or controversy requirement of Article III by demonstrating his standing to sue at each stage of the litigation." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011).

The doctrine of standing requires a party to "prove that he has suffered a concrete and particularized injury that is fairly traceable to the challenged conduct, and is likely to be redressed by a favorable judicial decision." *Carney v. Adams*, 141 S. Ct. 493, 498 (2020) (quoting *Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013)). "A 'concrete' injury must be '*de facto*'; that is, it must actually exist." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016). "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Id.* (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 n.1 (1992)).

As relevant here, "an ADA plaintiff can establish standing to sue for injunctive relief . . . by demonstrating deterrence."[2] *Chapman*, 631 F.3d at 944. Under this "deterrent effect

---

[1] In fact, Strojnik asserts that he has already done so via a "Motion for a New Trial." (Doc. 22 at 5).
[2] An ADA plaintiff may also establish standing by "demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility." *Chapman*, 631 F.3d at 944. Strojnik, however, does not allege that he suffered an injury-in-fact, so the Court focuses its analysis on the deterrent effect doctrine.

doctrine," "a disabled individual who is currently deterred from patronizing a public accommodation due to a defendant's failure to comply with the ADA has suffered 'actual injury.'" *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002); *see also Civil Rights Educ. & Enf't Ctr. v. Hosp. Properties Tr.*, 867 F.3d 1093, 1098–99 (9th Cir. 2017); *Chapman*, 631 F.3d at 949–50; *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1040–41 (9th Cir. 2008). But the mere existence of an ADA violation does not give any disabled person standing to sue; a plaintiff "lacks standing . . . if the barriers he seeks to enjoin do not pose a real and immediate threat to him *due to his particular disability*." *Chapman*, 631 F.3d at 953 (emphasis added).

### 2. Physical Barriers

Strojnik's complaint alleges that several physical features of the Hotel violate the ADA's requirements. The complaint also lists Strojnik's various disabilities and alleges that he is "deterred from visiting the Hotel based on [his] knowledge that the Hotel is not ADA compliant as such compliance relates to [his] disability." (Doc. 1-3 at 4). But Strojnik does not make any effort to actually relate his conclusory assertion of deterrence to his particular disabilities. *See Chapman*, 631 F.3d at 953.

As noted in other cases from this Court, Strojnik's *modus operandi* is "to use the same boilerplate arguments used in his previous filings [and] insert[] new photos of alleged non-compliance . . . ." *See Strojnik v. B&L Motels Inc.*, No. CV-20-08306-PHX-SPL, 2020 WL 7350897, at *2 (D. Ariz. Dec. 15, 2020); *Strojnik v. Lonesome Valley Hosp. LLC*, No. CV-20-08276-PHX-SPL, 2020 WL 7041347, at *2 (D. Ariz. Dec. 1, 2020). In this case, the complaint includes photos of a parking lot, stairs, sidewalks, a parking space, and a sign. (Doc. 12–16). Most of these photos are captioned with vague and conclusory language. For example, the captions of the photos of stairs state that there are "[u]neven stair steps," "[i]mproperly configured handrails," and "[o]pen risers throughout." (Doc. 1-3 at 13–14). The captions further provide that there is "[n]o ramp on accessible route[s]" and "[o]nly one accessible parking spot for [the] entire property." (*Id.* at 14–15).

Rather than providing any concrete and meaningful statements relating the photos

and captions to his disabilities, however, Strojnik cites *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), and alleges that he is "deterred from booking a room" because the alleged violations relate to his disabilities through the "application and use of common sense." (Doc. 1-3 at 16). But *Iqbal*'s statement that a court may "draw on its judicial experience and common sense" when considering the sufficiency of a complaint does not impose a duty on this Court to surmise which of the combinations of Strojnik's alleged medical conditions and resulting infirmities relate to descriptions he uses to caption his photos. *See id.* It is Strojnik's responsibility to "connect the metaphorical dots of injury-in-fact," and he has failed to do so. *See Strojnik v. HPTRI Corp.*, No. CV-20-01868-PHX-SPL, 2020 WL 6827765, at *2 (D. Ariz. Nov. 20, 2020).

The Court acknowledges that the Ninth Circuit has recently reiterated that the standard for alleging standing under the ADA is not particularly demanding. *See Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1179 (9th Cir. 2021). But it demands more than what Strojnik alleged here.

*Whitaker* involved a plaintiff who was "a quadriplegic who use[d] a wheelchair for mobility." *Id.* at 1074. The Court noted that "Whitaker's complaint allege[d] that he use[d] a wheelchair for mobility, that he visited the defendant's premises, that he personally encountered a barrier related to his disability—inaccessible service counters—and that the barrier deters him from returning." *Id.* at 1079. The Court held that "[t]hese allegations are sufficient to establish injury-in-fact for purposes of standing." *Id.*

In so holding, the Ninth Circuit distinguished *Chapman*, where the plaintiff "attached an accessibility survey to his complaint that identified multiple ADA barriers that he claimed 'denied him access to the [s]tore [at issue], *or* which he [sought] to remove on behalf of others under related state statutes.'" *Id.* (quoting *Chapman*, 631 F.3d at 954). The *Whitaker* Court noted that the plaintiff in *Chapman* did not sufficiently allege standing because the "survey did not connect the barriers to Chapman's disability or indicate which barrier or barriers he had personally encountered." *Id.*

The Court finds this case more analogous to *Chapman* than *Whitaker*. Strojnik's

complaint alleges that his various disabilities "affect" certain body systems and "limit" major life activities without describing what those effects or limitations are. (Doc. 1-3 at 5). He similarly alleges that he requires the use of a wheelchair when his impairments are in an "unmitigated, active state," but does not indicate the frequency with which this occurs or whether he required a wheelchair on the day he visited the Hotel. (*Id.* at 7). Absent any meaningful relation between the alleged ADA violations and his disabilities, Strojnik's complaint is no more than a slightly-dressed-up survey of Defendants' alleged ADA violations. Accordingly, Strojnik has failed to allege Article III standing as it relates to the physical barriers at the Hotel.

### 3. The Website

Turning next to Defendants' website, Strojnik's complaint includes a table from the website describing the available accommodations at the Hotel. (Doc. 1-3 at 11). Strojnik alleges that the website "fail[s] to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit [him] to assess independently whether the hotel or guest room meet his accessibility needs." (*Id.*). But this allegation "merely parrots the cited regulation and does not identify what accessibility features Mr. Strojnik claims are required to accommodate his disability, or state that those specific features were not described on the website[]." *See Strojnik v. R.F. Weichert V, Inc.*, No. 20-CV-00354-VKD, 2021 WL 242912, at *4 (N.D. Cal. Jan. 25, 2021) (collecting cases in which "[s]imilarly vague and conclusory allegations have been found insufficient to support Mr. Strojnik's standing"). Accordingly, Strojnik has failed to allege Article III standing as it relates to the website.

### 4. Remand

Having concluded that the Court does not have jurisdiction over Strojnik's ADA claim, the Court will remand the case to the Coconino County Superior Court. Strojnik lacks standing to proceed in this Court, and this Court consequently has no authority to retain jurisdiction over his state law claims. *See Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 664 (9th Cir. 2002) (citing 28 U.S.C. § 1367(a)). Further, the Court finds that

granting Strojnik leave to amend the complaint would be futile. *See B&L Motels Inc.*, 2020 WL 7350897, at *4 n.2 ("Given Strojnik's failure to cure almost identical standing defects in prior complaints, despite numerous opportunities to do so, the Court can only conclude that amendment would be futile.").

### III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Strojnik's Motion for Writ of Prohibition (Doc. 22) is **DENIED**.

**IT IS FURTHER ORDERED** that Clerk of Court shall remand this case to the Coconino County Superior Court and terminate the case.

**IT IS FURTHER ORDERED** that Strojnik's Motion to Remand (Doc. 6) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Strojnik's Motion that Defendant Prove Removal Jurisdiction (Doc. 22) is **DENIED AS MOOT**.

Dated this 22nd day of March, 2021.

James A. Teilborg
Senior United States District Judge